**E-Filing**

FILED
JUL 06 2012
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

ADR

1  J. Joseph Wall, Jr., S.B.N. 120760
   WALL LAW FIRM
2  Sixty-Six E. Santa Clara Street, Suite 250
   San Jose, CA 95113
3  Telephone     (408) 494-0704
   Facsimile     (408) 494-0707
4
   Kenneth W. Robinson, Esq.
5  LAW OFFICES OF KENNETH W. ROBINSON, APC
   1065 Asbury Street
6  San Jose, CA  95126
   Telephone     (408) 294-4477
7  Facsimile     (408) 297-4345

8  Attorneys for Plaintiff
   Javier Gonzales-Guerrero
9

10              UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF CALIFORNIA
11                    SAN JOSE DIVISION
12

13  JAVIER GONZALES-GUERRERO,         )   CASE NO.: CV 12-03541
    an individual,                    )
14                                    )
              Plaintiff,              )   COMPLAINT FOR MONETARY DAMAGES
15                                    )   FOR DEPRIVATION OF CIVIL RIGHTS
         v.                           )   UNDER THE FOURTH AND FOURTEENTH
16                                    )   AMENDMENTS (42 U.S.C.§1983),
    THE CITY OF SAN JOSE,             )   BATTERY, ASSAULT, VIOLATION OF
17  a municipality of the State of California, )  CALIFORNIA CIVIL CODE §52.1
    BRIAN JOHST, individually and in his )
18  capacity as an officer of San Jose Police )  DEMAND FOR JURY TRIAL, FRCP 38(b)
    Department; MARK STEPHENS,        )
19  individually and in his capacity as an )
    officer of San Jose Police Department; )
20  GARY PETRAKOVITZ, individually    )
    and in his capacity as an officer of San )
21  Jose Police Department; TIM       )
    STEPHENS, individually and in his )
22  capacity as an officer of San Jose Police )
    Department; and DOES 1 through 50, )
23  inclusive,                        )
                                      )
24            Defendants.             )
                                      )
25
                                      1
26  _____
                      COMPLAINT

**INTRODUCTION**

This civil action for monetary damages is brought by plaintiff Javier Gonzales-Guerrero pursuant to 42 U.S.C. section 1983, the Fourth and Fourteenth Amendments of the United States Constitution, and under the laws of the State of California, as a result of a police shooting which left plaintiff with more than twenty (20) bullets in his body.  While acting in their official capacities as police officers and under the color of law, defendants deprived plaintiff of his liberty without due process of law, assaulted and battered plaintiff, and made an unreasonable seizure of plaintiff thereby depriving him of his rights, privileges, and immunities as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.  It is further alleged in this complaint that these violations and torts were committed as a result of policies and customs of the City of San Jose.  Defendants' conduct also violated California's Bane Act, Civil Code section 52.1.

**JURISDICTION**

1.      The court has original jurisdiction over this action under 42 U.S.C. §§ 1983 and 1981, the Fourth and Fourteenth Amendments of the United States Constitution and the California State Constitution, and the principles of pendant jurisdiction allowing this court to hear and decide issues arising out of state law.

2.      Venue is proper in the Northern District of California pursuant to 28 U.S.C. §1391(b)(1), 28 U.S.C. §1391(b)(2), and 28 U.S.C. §1391(c).

**INTRADISTRICT ASSIGNMENT**

3.      Pursuant to Civil Local Rules 3-2(d) and 3-5(b), the San Jose Division is the proper district because the action arose out of Santa Clara County, State of California.

**THE PARTIES**

4.      Plaintiff, Javier Gonzales-Guerrero ("Gonzales-Guerrero"), is an individual

COMPLAINT

1 | residing in the County of Santa Clara, State of California.

2 |      5.    Plaintiff is informed and believes, and thereon alleges, that defendant The City of

3 | San Jose is a municipality duly organized and incorporated under the laws of the State of

4 | California. The City of San Jose includes the San Jose Police Department ("SJPD").

5 |      6.    Plaintiff is informed and believes, and thereon alleges, that defendant Brian Johst

6 | is, and at all times mentioned herein was, a member of the San Jose Police Department employed

7 | by the City of San Jose.  Johst is sued individually and in his official capacity as an officer of

8 | SJPD.

9 |      7.    Plaintiff is informed and believes, and thereon alleges, that defendant Mark

10 | Stephens is, and at all times mentioned herein was, a member of the San Jose Police Department

11 | employed by the City of San Jose.  Mark Stephens is sued individually and in his official capacity

12 | as an officer of San Jose Police Department.

13 |      8.    Plaintiff is informed and believes, and thereon alleges, that defendant Gary

14 | Petrakovitz is, and at all times mentioned herein was, a member of the San Jose Police

15 | Department employed by the City of San Jose.  Petrakovitz is sued individually and in his official

16 | capacity as an officer of San Jose Police Department.

17 |      9.    Plaintiff is informed and believes, and thereon alleges, that defendant Tim

18 | Stephens is, and at all times mentioned herein was, a member of the San Jose Police Department

19 | employed by the City of San Jose.  Tim Stephens is sued individually and in his official capacity

20 | as an officer of San Jose Police Department.

21 |     10.    Plaintiff does not know the true names and capacities of the defendants sued herein

22 | as Does 1 through 50 and, therefore, plaintiff sues said defendants by such fictitious names.

23 | Plaintiff will request leave to amend the complaint to include the true names and capacities of the

24 | fictitiously named defendants when they are ascertained.  Plaintiff is informed and believes, and

25 | 

                        3

26 |

thereon alleges, that each of the fictitiously named defendants is responsible for the occurrences alleged herein and plaintiff's injuries and damages as herein alleged were proximately caused by said defendants.

11.     Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned each of the defendants, whether fictitious or otherwise, was the agent and/or employee of the remaining defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency, employment or representation with the knowledge, consent and approval of each of the remaining defendants.

**PRELIMINARY ALLEGATIONS**

12.     On October 22, 2011, Gonzales-Guerrero visited a friend who was a guest at the Extended Stay Deluxe Hotel located at 55 East Brokaw Road in San Jose, California.  On October 23, 2011, after having attended a Halloween party, Gonzales-Guerrero fell asleep on the landing in a stairwell of the hotel.   A guest of the hotel saw Gonzales-Guerrero asleep in the stairwell and notified the front desk.  A housekeeper employed by the hotel was unable to wake Gonzales-Guerrero up, despite talking to him and shaking his legs. A front desk receptionist went to the stairwell and also found plaintiff sleeping.  She saw that he was wearing green, medical scrubs and had a hat over his head.  She noticed a gold gun, which was a plastic toy gun, in his waistband and called the San Jose Police Department to inform them that a man with a gun was passed out, asleep in the hotel stairway.  She informed the police that it did not look like plaintiff needed medical attention because he was sleeping with his arms crossed around his chest and also stated to the dispatcher that the housekeeper could not wake him up, despite her efforts to do so.

13.     Defendants, including but not limited to, Sgt. Brian Johst, Officer Mark Stephens, Officer Gary Petrakovitz, and Officer Tim Stephens, arrived at the scene and observed Gonzales-Guerrero lying down in the stairwell sleeping.  Two officers confirmed their visual of plaintiff and

4

COMPLAINT

1  noted that he was either unconscious or sleeping. They observed a gun in his waistband.

2  Defendants repeatedly shouted at Gonzales-Guerrero who was not responding to their verbal

3  commands.  They kept shouting at Gonzales-Guerrero and reported that plaintiff was not

4  responding to their verbal commands.  When Gonzales-Guerrero finally awoke to threats,

5  screaming, and chaos created by defendants, plaintiff saw police above him and below him with

6  guns drawn and pointed directly at him.

7       14.     Terrified and while lying on the ground utterly defenseless, Gonzales-Guerrero

8  pleaded with the police not to shoot. His pleas were ignored and shots were fired at his legs,

9  pelvis, chest, and entire body. Plaintiff is informed and believes that each of the defendants,

10  including the above-named SJPD officers, shot him.  Plaintiff's body was riddled with over 20

11  bullets and Gonzales-Guerrero was taken away by ambulance to a hospital where he had to

12  undergo several surgeries.  Gonzales-Guerrero has endured multiple surgeries over the past year to

13  remove bullets and repair his ravaged body.  As of today, a bullet is permanently lodged in

14  plaintiff's spine.

15       15.     Prior to filing this complaint, on or about February 1, 2012, plaintiff served a claim

16  against defendant City of San Jose and its employees, including the individual defendants,

17  pursuant to California Government Code §910.  (See Exhibit 1 attached hereto.)  More than forty

18  five (45) days have elapsed since the claim was presented to defendants and no action was taken

19  on said claim.  As a result, the claim has been deemed denied pursuant to Government Code

20  §911.6(c) and §912.4(c).

21                            **FIRST CAUSE OF ACTION**

22       **(Violation of the Fourth and Fourteenth Amendments–U.S.C. §1983–against**
                              **individual defendants)**

23

24       16.     Plaintiff realleges and incorporates by reference paragraphs 1 through 15.

25                                        5

26

17.     While acting under the color of law, defendants' conduct deprived Gonzales-Guerrero of his rights under the United States Constitution.  Defendants violated the constitutional rights of Gonzales-Guerrero to be free from the use of excessive force and to be free from unreasonable seizures under the Fourth and Fourteenth Amendments.  Defendants deprived plaintiff of liberty without due process of the law in violation of the Fifth and Fourteenth Amendments.

18.     Defendants' seizure of plaintiff was unreasonable, unnecessary, and unwarranted.  Defendants' shooting of plaintiff  was without legal justification or provocation and constituted an unreasonable, excessive use of deadly force.

19.     Defendants' conduct caused serious bodily and mental injuries to plaintiff.  As a result of defendants' conduct, plaintiff has suffered significant physical harm, severe emotional distress, pain and suffering, and the loss of liberty, and loss of a life he once enjoyed.  These injuries are compensable pursuant to U.S.C. §1983.

20.     Defendants' acts and/or omissions were done wilfully, maliciously, and oppressively with reckless or deliberate indifference or conscious disregard of plaintiff's constitutional rights, thereby warranting an award of exemplary or punitive damages.

**SECOND CAUSE OF ACTION**

**(Battery–against all defendants)**

21.     Plaintiff realleges and incorporates by reference paragraphs 1 through 15 and 17 through 20.

22.     Defendants intended to cause and did cause harmful contact with plaintiff with the intent to harm or offend plaintiff  while acting in the scope and course of their employment as police officers with SJPD, City of San Jose.

23.     Plaintiff did not consent to the harmful contact and plaintiff was, in fact, harmed as

a result of defendants' contact, as any reasonable person would be harmed by such excessive force. Plaintiff suffered damages, including but not limited to, broken bones, torn muscles, holes in his body, lacerations, pain and suffering, and severe emotional distress.

24.     In doing the things herein alleged, defendants acted maliciously, fraudulently and oppressively, thereby warranting recovery of punitive damages or exemplary damages from defendants in an amount according to proof at trial.

### THIRD CAUSE OF ACTION

#### (Assault–against all defendants)

25.     Plaintiff realleges and incorporates by reference paragraphs 1 through 15, 17 through 20, and 22 through 24.

26.     Defendants acted intending to cause harmful contact while acting within the scope and course of their employment as police officers with defendant City of San Jose.

27.     Plaintiff did not consent to defendants' acts.

28.     As a direct and proximate result of defendants' conduct, plaintiff not only feared for his safety but suffered apprehension of immediate harmful contact.  Defendants' conduct was a substantial factor in causing plaintiff's damages.

29.     In doing the things herein alleged, defendants acted maliciously, fraudulently and oppressively, thereby warranting recovery of punitive damages or exemplary from defendants in an amount according to proof at trial.

### FOURTH CAUSE OF ACTION

#### ( 42 U.S.C. 1983 against defendant City of San Jose)

30.     Plaintiff realleges and incorporates by reference paragraphs 1 through 15, 17 through 19, 22 through 23, and 26 through 28.

31.     Prior to October 22, 2011, defendant City of San Jose developed and maintained a

7

custom or policy of deliberate indifference towards the constitutional rights of persons in the City of San Jose.  Prior to this incident, in the year of 2011 alone, SJPD was involved in seven officer-shootings, three of which resulted in death.  Seven weeks after this incident, SJPD shot and killed another man in his home, raising the total of officer shootings for the year 2011 to eight, four of which resulted in fatalities.

32.     Defendant City of San Jose failed in its hiring, training and discipline of officers. It failed to provide adequate training to its officers and/or failed to adequately supervise its police officers.  It was the policy, practice,  and/or custom of defendant City of San Jose to inadequately train and/or supervise its police officers.   It was also the policy, practice, and/or custom of defendant City of San Jose to ignore citizen complaints of police misconduct and conduct inadequate investigations of excessive force cases.  Defendant City of San Jose tolerated and actually sanctioned police misconduct by failing to correct such unconstitutional practices and by failing to discourage further constitutional violations on the part of its police officers.

33.     As a result of defendant City of San Jose's above-described polices, practices, and/or customs, San Jose police officers, including the individual defendants, believed their misconduct would not be supervised,  monitored, or investigated, but would be tolerated.

34.     The above described polices, practices, and/or customs demonstrated a deliberate indifference on the part of defendant City of San Jose and its policymakers to the constitutional rights of persons within in the City and were the cause of the violation of plaintiff's rights alleged herein.

## FIFTH CAUSE OF ACTION

### ( Violation of the Bane Act, California Civil Code §52.1–against all defendants)

35.     Plaintiff realleges and incorporates by reference paragraphs 1 through 15, 17 through 20, 22 through 24, 26 through 29, 31 through 34, and 36 through 38.

8

36.     Defendants intentionally interfered with plaintiff's civil rights by threatening and intimidating plaintiff and further by committing the violent acts previously described.

37.     Defendants injured plaintiff to prevent plaintiff from exercising his right to be free from unreasonable seizures.  Plaintiff was harmed as a result of defendants' conduct and defendants' conduct was a substantial factor in causing plaintiff's harm.

38.     In doing the things herein alleged, defendants acted maliciously, fraudulently and oppressively, thereby warranting recovery of punitive damages or exemplary from defendants in an amount according to proof at trial.

WHEREFORE, plaintiff prays for judgment against all defendants as follows:

1.      For general damages against all defendants, jointly and severally, in an amount to be proven at trial;

2.      For special damages against all defendants, jointly and severally, in an amount to be proven at trial;

3.      For punitive and exemplary damages against the individual defendants and Does 1-50, jointly and severally, in an amount to be proven at trial;

4.      For reasonable attorneys fees under 42 U.S.C. §1988 and California Civil Code §52.1(h);

5.      For costs of suit incurred herein; and,

6.      For such other and further relief as the Court may deem proper.

### DEMAND FOR JURY TRIAL AND SPEEDY HEARING

Pursuant to Federal Rules of Civil Procedure, Rules 38 and 39, plaintiff Javier Gonzales-Guerrero demands a jury trial.

COMPLAINT

RESPECTFULLY SUBMITTED,

Dated:        July 6, 2012

WALL LAW FIRM

_____
J. JOSEPH WALL, JR.

Dated:        July 6, 2012

LAW OFFICES OF KENNETH W.
ROBINSON, APC

_____
KENNETH W. ROBINSON